CSC

null / ALL
Transmittal Number: 29830044
Date Processed: 09/06/2024

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Lisa Conrad<br>Brookdale Senior Living<br>111 Westwood Pl<br>Ste 400<br>Brentwood, TN 37027-5057 |
| **Electronic copy provided to:** | Bahar Azhdari<br>Marti Downey<br>Laurel Johnston<br>Jennifer Fitzpatrick |

| | |
|---|---|
| **Entity:** | ARC Greenwood Village, Inc.<br>Entity ID Number 1918166 |
| **Entity Served:** | ARC Greenwood Village Inc d/b/a Brookdale Greenwood Village -ALR |
| **Title of Action:** | Barbara Parish vs. ARC Greenwood Village Inc d/b/a Brookdale Greenwood Village -ALR |
| **Matter Name/ID:** | Barbara Parish vs. ARC Greenwood Village Inc d/b/a Brookdale Greenwood Village -ALR (16216798) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Arapahoe County District Court, CO |
| **Case/Reference No:** | 2024CV31919 |
| **Jurisdiction Served:** | Colorado |
| **Date Served on CSC:** | 09/05/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Reddick Law, PLLC<br>877-907-7790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE, COLORADO<br><br>Court Address:<br>7325 S. Potomac St.<br>Centennial, CO 80112 | DATE FILED<br>September 3, 2024 2:09 PM<br>FILING ID: 5A798F438E1EB<br>CASE NUMBER: 2024CV31919 |
| Plaintiff(s):<br>BARBARA PARISH, individually and as Personal Representative of the Estate of Helen Evans, deceased<br><br>v.<br><br>Defendant(s):<br>ARC GREENWOOD VILLAGE, INC. d/b/a BROOKDALE GREENWOOD VILLAGE- ALR; and MARIA PEREZ, in her capacity as Executive Director for BROOKDALE GREENWOOD VILLAGE- ALR | ▲ **COURT USE ONLY** ▲<br><br>Case Number:<br><br>Division: Courtroom: |

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** ARC GREENWOOD VILLAGE, INC. d/b/a BROOKDALE GREENWOOD VILLAGE- ALR

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

9/5/24 2pm

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: 09/03/2024

*/s/ Beau W. Duty*
Beau W. Duty, #59788
Reddick Law, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
(501) 907-7790

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address:<br>7325 S. Potomac St.<br>Centennial, CO 80112 | DATE FILED<br>September 3, 2024 2:09 PM<br>FILING ID: 5A798F438E1EB<br>CASE NUMBER: 2024CV31919 |
| **Plaintiff(s):**<br>BARBARA PARISH, individually and as Personal Representative of the Estate of HELEN EVANS, deceased,<br><br>v.<br><br>**Defendant(s):**<br>ARC GREENWOOD VILLAGE, INC. d/b/a BROOKDALE GREENWOOD VILLAGE - ALR; and MARIA PEREZ, in her capacity as Executive Director for BROOKDALE GREENWOOD VILLAGE - ALR | ▲ **COURT USE ONLY** ▲ |
| **Plaintiff's Counsel**:<br>Brian D. Reddick, #46386<br>John M. Landis, #59774<br>Beau W. Duty #59788<br>Reddick Law, PLLC<br>One Information Way, Suite 105<br>Little Rock, AR 72202<br>Telephone: (877) 907-7790<br>Facsimile: (501) 907-7793<br>brian@reddicklawfirm.com<br>jlandis@reddicklawfirm.com<br>bduty@reddicklawfirm.com<br><br>and<br><br>Michael David Eric McDivitt, #38286<br>McDivitt Law Firm<br>19 E. Cimarron St.<br>Colorado Springs, CO 80903<br>dmcdivitt@mcdivittlaw.com | Case Number:<br><br>Div: Ctrm: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Barbara Parish, individually and as Personal Representative of the Estate of Helen Evans, deceased, for her *Complaint and Jury Demand* against the Defendants, Arc Greenwood

Village, Inc. d/b/a Brookdale Greenwood Village – ALR and Maria Perez, in her capacity as Executive Director for Brookdale Greenwood Village - ALR, states as follows:

**STATEMENT OF PARTIES & JURISDICTION**

1. Barbara Parish is the daughter of Helen Evans and the duly appointed Personal Representative of her estate pursuant to the Letters Testamentary issued May 29, 2024, attached hereto as **Exhibit A**.

2. Arc Greenwood Village, Inc. d/b/a Brookdale Greenwood Village - ALR (the "Facility") is an assisted living facility located at 6450 South Boston St., Greenwood Village, Colorado 80111, and is owned, operated, controlled, and managed by Arc Greenwood Village, Inc.

3. Helen Evans was admitted to the Facility from approximately January 29, 2021, until July 2, 2023. Helen Evans died on July 2, 2023.

4. Defendant Arc Greenwood Village, Inc. d/b/a Brookdale Greenwood Village - ALR is a foreign corporation with its principal office at 111 Westwood Pl., Suite 400, Brentwood, Tennessee 37027 and owned, operated, controlled, managed, and held the license to operate Brookdale Greenwood Village - ALR. Upon information and belief, the membership of Defendant Arc Greenwood Village, Inc. contains at least one member whose citizenship is not diverse to Plaintiff. Defendant Arc Greenwood Village, Inc. may be served with process via its registered agent Corporation Service Company at 1900 W. Littleton Blvd., Littleton, Colorado 80120.

5. Defendant Arc Greenwood Village, Inc. is engaged in the business of owning, operating and/or managing assisted living facilities, including Brookdale Greenwood Village - ALR, providing healthcare, medical services, therapy, rehabilitation, assisted living care, and custodial care to the public in Arapahoe County, Colorado; and was at all times material hereto, duly licensed to operate same in Colorado; and was the employer, supervisor and/or partner of all

other Defendants noted herein, holding itself and its agents, employees, servants, contractors, subcontractors, staff and/or partners, and those persons granted privileges at the assisted living facility, out to the public as competent and skillful healthcare providers and practitioners of medicine; and which is personally, directly and vicariously liable, among other things for the acts and omissions of itself, its agents, employees, servants, contractors, subcontractors, staff and/or partners and all other Defendants, all of whom played a role in the care provided to Helen Evans and in the operation of the Facility.

6. Upon information and belief, Defendant Maria Perez was the Executive Director of Brookdale Greenwood Village –.ALR at relevant times during Helen Evans's residency and is a resident of the State of Colorado. Defendant Maria Perez may be served at her last known address.

7. Defendants collectively controlled the operation, planning, management, budget, and quality control of the Facility. The authority exercised by the Defendants over the Facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedures, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax, and accounting control through fiscal and managerial policies established by the Defendants.

8. Venue is proper in the Arapahoe County District Court as the acts and omissions complained of herein occurred within Arapahoe County.

9. The Court has jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief. Colo. Const. Art. VI, § 9(1).

## FACTUAL BACKGROUND

10. Helen Evans was admitted to Brookdale Greenwood Village - ALR, on January 29, 2021, and was a resident at the Facility until July 2, 2023. Helen Evans died on July 2, 2023.

Defendants were aware of Helen Evans's medical conditions and the care that she required when they represented that they could adequately care for her needs.

11. Helen Evans's medical history included mild cognitive impairment, anxiety, osteoarthritis, edema, and a pathological fracture of the right humerus.

12. At the time of her admission to the Facility, Ms. Evans wore eyeglasses and needed some assistance with dressing, grooming, and bathing. Ms. Evans used a walker and wheelchair for long distances as a mobility aid.

13. The Facility regularly failed to properly document Ms. Evans's medication administration as required by the medication administration orders.

14. On or about February 23, 2023, Ms. Evans's family expressed their concern regarding multiple medication administration errors.

15. On or about March 1, 2023, Ms. Evans's family again raised concerns about medication administration errors that were affecting Ms. Evans's balance and contributing to the frequency of her falls.

16. On or about March 8, 2023, the Facility held a care conference with Ms. Evans's family during which medication administration errors and concerns were discussed. The Facility's response was that palliative care would be an appropriate intervention to ensure additional nursing staff to aid in medication administration and prevent further errors.

17. On or about April 30, 2023, Ms. Evans suffered a fall in the bathroom near her toilet.

18. On or about June 2, 2023, the hospice care team noted the Facility was not giving Ms. Evans her medications on time.

19. On or about June 14, 2023, the Facility again failed to properly administer medications when it improperly administered Xanax and failed to properly document the administration of the medication in the administration record.

20. On or about June 26, 2023, Ms. Evans suffered an unwitnessed fall on the floor near her bedside. Ms. Evans suffered a hip and leg fracture because of this fall.

21. On or about July 3, 2023, Ms. Evans passed away as a result of the Facility's neglect and abuse.

22. While at the Facility, Helen Evans suffered numerous injuries. Due to Defendants' failure to provide appropriate care and supervision, Helen Evans suffered from injuries and conditions, such as multiple falls, medication administration errors, over medication, hip and leg fracture, and death.

**<u>CAUSES OF ACTION</u>**

23. Federal and state regulations required the Defendants to ensure that Helen Evans received adequate supervision, assistance, and care to prevent avoidable accidents, and related injuries.

24. The Defendants were on notice and aware of problems with resident care at the Facility based upon surveys conducted at the Facility by the Colorado Department of Health & Environment prior to and during the residency of Helen Evans. On August 23, 2022, for example, the Facility was cited for the following:

a. failure to ensure residents had a practitioner's assessment after a resident experiences a significant change in their baseline or the resident sustained an injury;

b. failure to detail in each resident's care plan the individualized approach necessary to address fall risks; and

c. failure to investigate an allegation of abuse in accordance with regulation and written policy.

25. The severity of the negligence inflicted upon Helen Evans while a resident of the Facility accelerated the deterioration of her health and physical condition and resulted in physical and emotional injuries. While a resident at the Brookdale Greenwood Village - ALR - ALR facility, Helen Evans suffered multiple injuries including, but not limited to, the following:

a. Multiple falls;

b. Medication administration errors;

c. Over medication;

d. Hip and leg fracture; and,

e. Death.

26. Federal and state regulations required the Defendants to conduct an initial, and periodic thereafter, comprehensive, accurate, standardized assessment of each resident's needs and functional capacity and, form that comprehensive assessment, formulate a care plan tailor-made for each resident, including reasonable objectives and timetables to meet the medical, nursing, and mental and psychosocial needs of the residents, including Helen Evans.

27. The Defendants were required, under state regulations, as well as general standards of care, to develop and implement a reasonable and effective program, as well as operate in a manner, so as to prevent the types of injuries suffered by Helen Evans.

28. The Defendants were required, under state regulations, as well as general standards of care, to routinely assess residents to determine their care needs and to discharge or transfer a resident if the facility could not provide the needed services.

29. The Defendants held themselves out to the public at large, as well as specifically to Helen Evans, as being capable and willing to provide the care needed to meet the medical, nursing, mental, and psychosocial needs of residents such as Ms. Evans.

30. Helen Evans suffered extreme physical and emotional pain and eventual death as a result of the injuries she sustained while a resident at the Facility.

## COUNT ONE: NEGLIGENCE

31. Plaintiff hereby incorporates herein by reference all allegations contained in the preceding paragraphs.

32. The Defendants owed to Helen Evans a duty of care dictated by state law, as well as the standard of care of assisted living facilities and certified nursing aides similarly situated.

33. The Defendants breached this duty of care as follows:

a. The failure to develop, implement, and follow policies to assist Helen Evans in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote her healing or cure;

b. The failure to provide the minimum number of qualified personnel to meet the total needs of Helen Evans;

c. The failure to monitor or increase the number of personnel at the Facility to ensure that Helen Evans:

1. received timely and accurate care assessments;
2. received prescribed treatment, medication, and diet; and
3. received timely custodial, nursing, and medical intervention due to a significant change in condition;

d. The failure to ensure that the Facility was adequately staffed with properly trained personnel;

e. The failure to have in place adequate guidelines, policies and procedures of the Facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

f. The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the Facility;

g. The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of resident in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence;

h. The failure to adequately assess Helen Evans or follow the plan of care; and

i. The failure to ensure necessary services to allow Helen Evans to attain and/or maintain the highest physical, mental and psychosocial well-being of which she was capable.

34. The Defendants named herein are jointly, severally, and vicariously liable for the negligent acts and omissions of the Facility's agents, employees, and nurses.

35. The Defendants operated and managed the Facility so as to maximize profits by reducing staffing levels below that which was needed to provide adequate care to residents that would comply with federal and state regulations governing assisted living facilities. The Defendants intentionally and with reckless disregard for the consequences of their actions caused staffing levels at the Facility to be set so that the personnel on duty at any given time could not reasonably meet the needs of the residents. These acts of malfeasance caused injury to Helen Evans and other residents of the Facility and were known to the Defendants. The Defendants were on notice of numerous care problems that existed at the Facility before and during Helen Evans's residency.

36. As a direct and proximate result of Defendants' acts and/or omissions, and their breach of their duty of care, negligence, carelessness and recklessness, Helen Evans suffered (a) severe permanent physical injuries resulting in severe pain, suffering and disfigurement (b) mental anguish, embarrassment, humiliation, degradation, emotional distress, and loss of personal dignity, (c) loss of capacity for enjoyment of life, (d) expense of otherwise unnecessary hospitalizations, medical expenses, and residency at the Facility, (e) aggravation of her pre-existing medical conditions, (f) severe pain, and (e) death.

37. In causing the aforementioned injuries, Defendants knew, or should have known, that Helen Evans would suffer such harm.

38. The Defendant's multiple breaches of the duties owed to Helen Evans as set forth above caused her to suffer economic loss, non-economic loss, personal injury, and death. Damages include pain and suffering, severe emotional distress, grief, upset, hospital bills, and doctor bills in an amount to be determined by the jury at trial.

## COUNT TWO: VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT

39. Plaintiff hereby incorporates each and every averment set forth herein as if each and every averment were set forth verbatim herein.

40. At all times relevant to this complaint, the Defendants had in effect a massive marketing campaign designed to lure actual and prospective consumers of their services into Brookdale Greenwood Village - ALR.

41. Defendants' marketing campaign included print media, handouts and brochures, internet marketing, as well as an internet web page wherein Defendants represented that Brookdale Greenwood Village - ALR would "help you live your best life with more time for what you want to do." The web page notes that the mission of the Facility "provides multiple levels of care on one campus." The site also promises that the Facility staff "create[s] a culture of wellness where we focus on empowering you to live your best life possible."

42. The Defendants' marketing and advertising campaign significantly impacted the market for assisted living care services locally and nationally. Specifically, the marketing and advertising campaign was designed to influence residents of Colorado such as the Plaintiff who was looking for an assisted living facility for his loved one, into selecting Brookdale Greenwood Village - ALR rather than another facility.

43. In addition to print and internet marketing and advertising media, Brookdale Greenwood Village - ALR had admissions and marketing personnel responsible for filling the Facility's beds with residents by representing that the Facility could adequately meet the needs of residents.

44. Yet the Defendants knew that their Facility was incapable of providing the level of care and treatment necessary to ensure the health, safety, and well-being of the residents of Brookdale Greenwood Village - ALR, including Helen Evans, due to chronic and pervasive understaffing at the Facility.

45. The Defendants' promises and representations about the quality of care and the level of services provided at the Facility were unfair and deceptive.

46. As noted above, in a survey completed on August 23, 2022, for example, the Facility was cited for:

a. failure to ensure residents had a practitioner's assessment after a resident experiences a significant change in their baseline or the resident sustained an injury;
b. failure to detail in each resident's care plan the individualized approach necessary to address fall risks; and
c. failure to investigate an allegation of abuse in accordance with regulation and written policy.

47. The Defendants' multiple regulatory violations are indicative of understaffing at the Facility and evidence that the Defendants knew, or should have known, that they were unable to provide the kind of care and treatment and services necessary to promote the health, safety, and well-being of their residents, including Helen Evans.

48. The Defendants' deceptive and fraudulent representations about the level and quality of care offered at the Facility constitute deceptive trade practices actionable under the Colorado Consumer Protection Act. C.R.S. § 6-1-101, *et seq.*

49. These deceptive and fraudulent practices also constitute a pattern of deceptive trade practices.

50. As a result of the Defendants' deceptive trade practices and violations of the Colorado Consumer Protection Act, the Plaintiff has suffered actual damages in an amount to be determined by the jury at trial.

## COUNT III: WRONGFUL DEATH

51. Plaintiff hereby incorporates each and every averment set forth herein as if each and every averment were set forth verbatim herein.

52. Barbara Parish, the Plaintiff, is a surviving daughter of Helen Evans, deceased, and brings this wrongful death action in her individual capacity and on behalf of all the surviving heirs of Helen Evans.

53. By understaffing the Facility, the Defendants caused injuries to Helen Evans. Understaffing led to a lack of adequate assessment, care, treatment, and supervision, which resulted in Helen Evans's severe injuries and ultimate death.

54. As a result of the injuries to Helen Evans, medical expenses and funeral expenses were incurred and are claimed together with all damages permitted under the Colorado Wrongful Death Act.

55. The injuries Helen Evans sustained at the hands of the Defendants and as a result of the Defendants' purposeful understaffing of the Facility, ultimately led to Helen Evans's death.

56. As a result of the Defendants' negligence and wrongful acts or inaction, Helen Evans suffered fatal injuries as more fully set forth herein, and Plaintiff claims for all medical and burial expenses, non-economic damages, and all damages permitted under the Colorado Wrongful Death Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against the Defendants in an amount to be determined by the jury at trial, and for the following relief and damages:

a. Economic loss;

b. Non-economic loss;

c. Actual and treble damages under the Colorado Consumer Protection Act;

d. All damages permitted under the Colorado Wrongful Death Act;

e. Attorney's fees;

f. Court costs and witness fees;

g. Pre-judgment and post judgment interest on any award of damages to the extent permitted by law; and

h. Such other and further relief as this court may deem proper.

**Plaintiff hereby demands a trial by jury as to all claims so triable.**

**This matter is exempt from C.R.C.P. 16.1 as the damages claimed herein exceed $100,000.**

Respectfully submitted this Tuesday, September 3, 2024,

*_/s/ Beau W. Duty_*
Brian D. Reddick, #46386
Robert W. Francis, #47007
John M. Landis, #59774
Beau W. Duty #59788
**Reddick Law, PLLC**
One Information Way, Suite 105
Little Rock, AR 72202

and

Michael David Eric McDivitt, #38286
McDivitt Law Firm
19 E. Cimarron St.
Colorado Springs, CO 80903

*Attorneys for the Plaintiff*

**Plaintiff's address:**
Barbara Parish
5541 North Mesa Drive
Castle Pines, Colorado 80108

DATE FILED: September 3, 2024 2:09 PM
FILING ID: 5A798F438E1EB
CASE NUMBER: 2024CV31919

# EXHIBIT

# A

| | |
|---|---|
| ☒District Court ☐Denver Probate Court<br>Arapahoe County, Colorado<br>Court Address: 7325 S. Potomac St., Centennial, CO 80112 | DATE FILED: May 29, 2024 9:20 AM<br>CASE NUMBER: 2024PR30610 |
| **In the Matter of the Estate of:**<br><br>**HELEN LOUISE EVANS, aka HELEN L. EVANS, aka HELEN EVANS**<br><br>**Deceased** | ▲ **COURT USE ONLY** ▲<br>**Case Number: 2024PR30610**<br><br>**Division: Courtroom:** |

## LETTERS ☐TESTAMENTARY ☒OF ADMINISTRATION

**Barbara Parish** (name) was appointed or qualified by this court or its registrar on **05/29/2024** (date) as:

☒Personal Representative; or
☐Successor Personal Representative.

The decedent died on **July 2, 2023**.

These Letters are proof of the Personal Representative's authority to act pursuant to § 15-12-701, et. seq., C.R.S.

☒The Personal Representative's authority is unrestricted; or
☐The Personal Representative's authority is restricted as follows:

ARAPAHOE COUNTY COMBINED COURT SEAL ARAPAHOE COUNTY, COLORADO

Date: May 29, 2024

Probate Registrar/(Deputy)Clerk of Court

---

## CERTIFICATION

Certified to be a true copy of the original in my custody and to be in full force and effect as of ____________________ (date).

Probate Registrar/(Deputy)Clerk of Court

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address:<br>7325 S. Potomac St.<br>Centennial, CO 80112 | DATE FILED<br>September 3, 2024 2:31 PM<br>FILING ID: 3C5620D2F118D<br>CASE NUMBER: 2024CV31919 |
| **Plaintiff(s):**<br>BARBARA PARISH, individually and as Personal Representative of the Estate of HELEN EVANS, deceased,<br><br>v.<br><br>**Defendant(s):**<br>ARC GREENWOOD VILLAGE, INC. d/b/a BROOKDALE GREENWOOD VILLAGE - ALR; and MARIA PEREZ, in her capacity as Executive Director for BROOKDALE GREENWOOD VILLAGE - ALR | ▲ **COURT USE ONLY** ▲ |
| **Plaintiff's Counsel**:<br>Brian D. Reddick, #46386<br>John M. Landis, #59774<br>Beau W. Duty #59788<br>Reddick Law, PLLC<br>One Information Way, Suite 105<br>Little Rock, AR 72202<br>Telephone: (877) 907-7790<br>Facsimile: (501) 907-7793<br>brian@reddicklawfirm.com<br>jlandis@reddicklawfirm.com<br>bduty@reddicklawfirm.com<br><br>and<br><br>Michael David Eric McDivitt, #38286<br>McDivitt Law Firm<br>19 E. Cimarron St.<br>Colorado Springs, CO 80903<br>dmcdivitt@mcdivittlaw.com | Case Number: 2024CV31919<br><br>Div: Ctrm: |

## CERTIFICATE OF REVIEW

Plaintiff, Barbara Parish, individually and as Personal Representative of the Estate of Helen Evans, deceased, hereby submits the following *Certificate of Review*:

## CERTIFICATE OF REVIEW

Pursuant to C.R.S. § 13-20-602(3)(a), counsel certifies as follows:

a. Counsel has consulted with licensed professionals with expertise in the areas of the alleged negligent conduct as set forth in Plaintiff's Complaint; and,

b. The licensed professionals who have been consulted have reviewed all known facts, including such records, documents, and other materials which the professionals have found relevant to the allegations of negligent conduct as complained of in Plaintiff's Complaint; and,

c. Based upon such facts, these licensed professionals have concluded that the filing of the claims against Defendants does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and,

d. The licensed professionals who have reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's Complaint meet the requirements set forth in C.R.S. § 13-64-401.

Dated: September 3, 2024

*/s/ Beau W. Duty*
Brian D. Reddick, #46386
Robert W. Francis, #47007
John M. Landis, #59774
Beau W. Duty #59788
**Reddick Law, PLLC**
One Information Way, Suite 105
Little Rock, AR 72202

and

Michael David Eric McDivitt, #38286
McDivitt Law Firm
19 E. Cimarron St.
Colorado Springs, CO 80903

*Attorneys for the Plaintiff*

☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

| | |
|---|---|
| District Court Arapahoe County, Colorado<br>Court Address: 7325 S. Potomac St.<br>Centennial, CO 80112<br><br>Plaintiff(s): Barbara Parish<br>v.<br>Defendant(s): ARC Greenwood Village, Inc., et al. | DATE FILED September 3, 2024 2:09 PM<br>FILING ID: 5A798F438E1EB<br>CASE NUMBER: 2024CV31919<br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Beau W. Duty<br>1 Information Way, Suite 105, Little Rock, AR 72202<br>Phone Number: (877) 907-7790 E-mail: bduty@reddicklawfirm.com<br>FAX Number: Atty. Reg. #: 59788 | Case Number: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☒ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

**Date:** ________________

________________________________________
**Signature of Party**

**Date:** 09/03/2024

Beau W. Duty
**Signature of Attorney for Party (if any)**________

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.